Sokol Brothers Furniture Co., a corporation v. Commissioner.
Sokol Bros. Furniture Co. v. Commissioner
Docket No. 16244.
United States Tax Court
1949 Tax Ct. Memo LEXIS 247; 8 T.C.M. (CCH) 239; T.C.M. (RIA) 49064; March 10, 1949
George S. Brown, Esq., First Nat'l Bldg., Birmingham, Ala., and Robert S. Gordon, Esq., Massey Bldg., Birmingham, Ala., for the petitioner. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: This proceeding involves deficiencies in income and excess profits taxes as follows: Income
Excess
Year
Taxes
Profits Taxes
1941
$1,792.42
1944
68.27
$ 9,697.71
1945
54,594.74
The issues are: 1. Is the petitioner entitled to have its unrealized profits on the installment sales included in accumulated earnings and profits for the purpose of determining its excess profits credit based upon invested capital, where it reports its income for normal and surtax purposes on the installment basis and for excess profits tax purposes on the accrual basis? 2. Are the indirect expenses applicable to collection and servicing of accounts receivable, bad debts and repossession losses arising from installment sales made prior to January 1, 1940, deductible in computing *249 excess profits net income under section 736 (a), Internal Revenue Code? 3. Should the 80 per cent limitation provided for in section 710 (a) (1) (B), Internal Revenue Code, be computed on the basis of the installment net income, as petitioner contends, or on the basis of the accrual net income, as determined by the respondent? 4. Should the recoveries on bad debts charged off in 1941, 1942 and 1943, in respect of installment sales made prior to January 1, 1940, be included in petitioner's excess profits net income for 1944 and 1945 under section 736 (a)? There are two additional issues, 5 and 6, involving the computation of the excess profits net operating loss and the unused excess profits credit for 1942 for the purpose of determining the net operating loss deduction and the unused excess profits credit adjustment for the taxable year 1941. The parties agree that these issues can be settled under a Rule 50 computation based on our determination in the other issues. The proceeding has been submitted on a written stipulation of facts which we adopt as our findings of fact herein. The stipulation is in material part as follows: *250 [The Facts] The petitioner was a corporation organized and existing under the laws of Alabama, with its principal office at 1818 First Avenue, North, Birmingham, Alabama. It was dissolved on September 29, 1947, but under title 10, section 110 of the Code of Alabama, 1940, it remains in existence for five years for the purpose of winding up its affairs. Its principal office remains the same. The returns for the periods herein involved were filed with the collector of the district of Alabama, at Birmingham, Alabama. The petitioner was, during the period involved, engaged in the business of selling clothing and furniture at retail, largely on the installment plan. Its net income for income tax purposes and surtax purposes was computed on the installment basis under the provisions of section 44 (a) of the Internal Revenue Code. For all of the taxable years involved in this proceeding, for excess profits tax purposes, the petitioner has elected to compute its income on an accrual basis instead of an installment basis, as authorized by section 736 (a) of the Internal Revenue Code, and the petitioner fulfilled the requirements of the statute *251 and established its eligibility to compute its income for excess profits tax purposes on the accrual basis. It is agreed that in order to arrive at the correct amount of deficiency in income taxes for the taxable year 1941, it is essential first to determine: the excess profits credit for 1941; the unused excess profits credit carryback for 1942; the excess profits net loss for 1942, and the excess profits tax for 1941. The Commissioner has calculated the petitioner's excess profits credits for the years 1941, 1944 and 1945, and the petitioner's excess profits credit carry-back from 1942, upon the base period net income method, which is conceded to be proper only if unrealized profits on installment sales are properly excludable from invested capital. On the other hand, petitioner, for the years 1941, 1944 and 1945, now contends that it is required to calculate its excess profits credits and its excess profits credit carry-back from 1942 on the invested capital method because such calculation results in lesser excess profits taxes for such years. In such calculation, the petitioner contends that it has the right to include, as a part of invested capital, unrealized profits on *252 installment sales. It is agreed that the said unrealized profits at the beginning of each of the taxable years involved are: 1941
1942
1944
1945
Pre-1940
$ 45,688.43
$ 6,126.92
$ 19.10
Post-1939
170,095.99
221,492.48
87,891.27
$113,435.82
Total
$215,784.42
$227,619.40
$87,910.37
$113,435.82
The petitioner, in arriving at its excess profits net income or loss under section 736 (a) for the taxable years 1941, 1942 and 1944, included as deductions expenses, bad debts and repossession losses applicable to pre-1940 installment sales accounts receivable. The following tabulation discloses the amounts disallowed by the Commissioner, the amounts the petitioner concedes should have been disallowed because such amounts constituted unrealized profits upon which income tax had not been paid and the amounts in controversy: 1941
1942
1944
Indirect expenses applicable to collection and serv-
icing of pre-1940 installment accounts receivable
Commissioner disallowed
$2,547.34
$ 251.03
$ .91
Amount in controversy
2,547.34
251.03
.91
Bad debts disallowed (pre-1940 installment accounts
receivable)
4,272.97
1,345.41
Amount petitioner concedes should have been disal-
lowed
2,118.72
691.70
Amount in controversy
2,154.25
653.71
Repossession losses disallowed (pre-1940 installment
accounts receivable)
3,602.59
309.11
Amount petitioner concedes should have been disal-
lowed
2,682.24
265.61
Amount in controversy
$ 920.35
$ 43.50
*253 The following tabulation discloses the amounts of bad debt recoveries applicable to pre-1940 installment sales accounts receivable included in excess profits net income under section 736 (a), which debts were charged off in taxable years subsequent to 1939, and the unrealized profits and unrecovered cost applicable thereto: 1942
1944
1945
Amounts recovered
$490.32
$213.89
$175.53
Unrealized profits in same
256.20
106.20
89.69
Unrecovered cost
$234.12
$107.69
$ 85.84
Petitioner has calculated its excess profits tax for 1941, 1944 and 1945, and its excess profits net loss for 1942, by using the invested capital method, including unrealized profits from installment sales as a part of invested capital and deducted the aforesaid losses and expenses from pre-1940 installment accounts. The Commissioner, on the other hand, has calculated the petitioner's excess profits tax for 1941, 1944 and 1945, and the excess profits net loss for 1942, by using the base period net income method and by disallowing the aforesaid losses and expenses from pre-1940 installment accounts. Petitioner and the Commissioner are in agreement on the amount of net income *254 subject to normal tax and surtax for 1941, 1944 and 1945, before adjustments on account of excess profits calculations. Those amounts are as follows: 1941
$ 60,512.62
1944
73,659.67
1945
127,608.84
Petitioner, for the years 1944 and 1945, has calculated its surtax net income (computed without the benefit of section 26 (e)) on the installment basis and has used 80 per cent of the amount of such surtax net income as an over-all limitation of tax under the provisions of section 710 (a) (1) (B) of the Internal Revenue Code. Commissioner, on the other hand, has calculated a surtax net income (computed without the benefit of section 26 (e)) on the accrual basis for the petitioner and has used 80 per cent of the amount of that surtax net income as the limitation under section 710 (a) (1) (B) of the Internal Revenue Code. It is agreed that if the petitioner is entitled to include its unrealized profits, or part of them, in its computation of invested capital as a part of surplus, it is proper to compute its excess profits credit or loss, as the case may be, upon the invested capital method because such method would result *255 in the lesser tax for each of the taxable years involved. It is further agreed that in the event that the Court holds that said unrealized profits, or part of them, are properly includable as a part of invested capital, the proof and computation of amounts which go to make up the petitioner's invested capital may await a recomputation under Rule 50. [Opinion] The first issue is whether the unrealized profits on installment sales may be included in invested capital for the purpose of determining the excess profits credit, computed upon the invested capital basis, of a taxpayer reporting his income on the installment basis for normal and surtax purposes but on the accrual basis for excess profits tax. This question was decided against the taxpayer in Kimbrell's Home Furnishings, Inc., 7 T.C. 339, which was followed in South Texas Lumber Co., 7 T.C. 669. Both of those cases were reversed, the former in 159 Fed. (2d) 608 (C.A., 4th Cir.), and the latter in 162 Fed. (2d) 866 (C.A., 5th Cir.), but in the South Texas Lumber Co. case the Circuit Court of Appeals was reversed by the United States Supreme Court in Commissioner v. South Texas Lumber Co., 333 U.S. 496. *256 The question was before this Court again in J. L. Goodman Furniture Co., 11 T.C. 530, on facts not distinguishable from those in the instant case and we again ruled against the taxpayer, adhering to our views as expressed in the Kimbrell's case. We said in the Goodman case: "* * * The Tax Court, with all due respect to the Circuit Court of Appeals for the Fourth Circuit, which reversed it, will continue, for the present, to follow its views as expressed in the Kimbrell's case." In its brief which was submitted prior to our opinion in the Goodman Furniture Co. case the petitioner seeks to distinguish the South Texas Lumber Co. case (Sup. Ct.) from the Kimbrell's case (C.A., 4th Cir.) which it cites as authority for its contentions here. It states that the facts in the Kimbrell's case and in the instant case are "substantially the same." We recognize that this is true and we adhere to the views which we expressed in the Kimbrell's case and the Goodman Furniture Co. case. A full discussion of this question is contained in our opinion in the latter case and need not be repeated here. On the authority of those cases the issue is resolved in the respondent's favor. *257 The second issue has been removed from consideration by agreement of the parties on all the matters in dispute. The respondent has conceded in accordance with his amended section 35.736 (a) (3) of Regulations 112, as amended by T.D. 5643, July 8, 1948, [1948-2 CB 107] that the petitioner is entitled to the deductions for expenses applicable to the collection and servicing of accounts receivable, bad debts with respect to accounts receivable, to the extent that they represent the unrecovered cost of goods sold, and repossession losses arising out of installment sales made prior to January 1, 1940. The petitioner has conceded, in the stipulation of facts, that the respondent properly disallowed certain portions of the bad debts and repossession losses, since such amounts represented unrealized profits upon which income tax had not been paid. The stipulations and concessions referred to will be given effect under the Rule 50 computation. The question raised in issue 3 is controlled by the decision of this Court in Basalt Rock Co., 10 T.C. 600 [Dec. 16,335]. In that case the taxpayer regularly employing the completed contract method of *258 accounting and, making its income and excess profits tax returns on that basis, elected under section 736 (b), Internal Revenue Code, to report its income from long-term contracts on the percentage of completion basis in its excess profits tax return for 1942. We held that the taxpayer was required to use the percentage of completion method in computing its corporation surtax net income for the purpose of section 710 (a) (1) (B). The petitioner concedes the applicability here of the rule in the Basalt Rock Co. case but it argues that our decision in that case is erroneous, and urges that it be overruled. In substance the argument which the petitioner makes here is the same as that made by the taxpayer in the Basalt Rock Co. case. It fails to demonstrate to us that our ruling in that case was erroneous and we, therefore, affirm the respondent on this issue. Issue 4, like issue 2 above, has been settled by the stipulation or by concessions made by the parties. It is now agreed that such adjustments as are necessary under the stipulated facts may be made under a Rule 50 computation. The parties are in further agreement that issues 5 and 6 involve purely *259 mathematical calculations to be based on our rulings in the other issues in the case and that they, too, may be disposed of under the Rule 50 computation. Decision will be entered under Rule 50.